No. 87-150

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

STATE OF MONTANA,

           Plaintiff and Respondent,

   -vs-

TODD MICHAEL RYAN,

           Defendant and Appellant.

APPEAL FROM: District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Thomas Olson, Judge presiding.

COUNSEL OF RECORD:

   For Appellant:

      Robert W. Heilig, Billings, Montana

   For Respondent:

      Hon. Mike Greely, Attorney General, Helena, Montana
      John Paulson, Asst. Atty. General, Helena
      A. Michael Salvagni, County Attorney, Bozeman, Montana
      Martin D. Lambert, Deputy County Attorney, Bozeman

Submitted on Briefs: Sept. 3, 1987

Decided: October 27, 1987

Filed: OCT 27 1987

*Ethel M. Harrison*
———————————————————
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

This case arose in the District Court for the Eighteenth Judicial District of Montana, in and for Gallatin County. Mr. Ryan appeals his conviction of being in actual physical control of a motor vehicle while under the influence of alcohol. We affirm.

The issue is whether the District Court erred in refusing to give defendant's offered Instruction No. 11 concerning circumstantial evidence.

A highway patrol officer noticed Mr. Ryan's vehicle parked on an interstate on-ramp at about 2:30 a.m. Its lights were on and its engine was running. As the officer approached the vehicle, she saw Mr. Ryan lying across the front seat, with his feet near the gas and brake pedals. She roused Mr. Ryan with difficulty, and noted that he smelled strongly of alcohol and had trouble walking. After having Mr. Ryan perform some field sobriety tests, the officer placed him under arrest.

The officers present when Mr. Ryan arrived at the stationhouse testified that Mr. Ryan performed a series of deep knee bends and ran in place while awaiting booking. He was given a breath analysis test and repeated the field sobriety tests on videotape. The breath analysis test showed a blood alcohol concentration of .158.

Mr. Ryan was charged with violation of § 61-8-401(1)(a), MCA: "It is unlawful . . . for any person who is under the influence of . . . alcohol to drive or be in actual physical control of a vehicle upon the ways of this state open to the public." After he was tried and convicted in justice court, Mr. Ryan appealed to district court. At his jury trial in district court, the defense offered an instruction on

circumstantial evidence. The instruction was refused. The jury found Mr. Ryan guilty.

Did the District Court err in refusing to give defendant's offered Instruction No. 11 concerning circumstantial evidence?

Defendant's offered Instruction No. 11 was:

> You are instructed that if you find that the evidence in this case is susceptible of two constructions or interpretations, each of which appears to you to be reasonable, and one of which points to his innocence, it is your duty under the law, to adopt that interpretation which will admit of the defendant's innocence, and reject that which points to his guilt.

The District Court refused the instruction, "in favor of the reasonable doubt instruction." The defense argues that this refusal wrongfully deprived it of its theory that Mr. Ryan may have acted responsibly in stopping his vehicle and parking it when he felt the effects of alcohol were interfering with his ability to drive.

In a case based solely on circumstantial evidence, an instruction such as defendant's No. 11 is proper. State v. Lucero (Mont. 1984), 693 P.2d 511, 513, 41 St.Rep. 2509, 2511-12. However, such an instruction is not proper where the elements of the crime charged are found in the direct testimony of witnesses. State v. Freeman (1979), 183 Mont. 334, 343, 599 P.2d 368, 373. Here, the arresting officer testified to the essential elements of the crime. Notwithstanding the defense's theory that Mr. Ryan may have stopped driving when he realized that he was under the influence of alcohol, the testimony of the arresting officer supports the conclusion that he was in actual physical control of the vehicle when she came upon him. He was the only person in

3

the vehicle, was in the front seat as if flopped over from the driver's seat, and had the vehicle's engine running and its lights on. Those facts are sufficient to prove actual physical control of the vehicle. See State v. Taylor (1983), 203 Mont. 284, 661 P.2d 33.

Further, the defense was not deprived of its theory when the court refused to give proposed Instruction No. 11. The court gave an instruction on reasonable doubt. If the defense's theory raised a reasonable doubt in the jury's minds as to Mr. Ryan's guilt, the jury could have found Mr. Ryan not guilty. We hold that the court did not err in refusing to give proposed Instruction No. 11.

Affirmed.

_____
Justice

We Concur:

_____
_____
_____
_____
Justices