No. 90-223

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

CITY OF HELENA,

            Plaintiff and Respondent.

    -v-

ROBERT PATRICK BARRETT,

            Defendant and Appellant,

APPEAL FROM:    District Court of the First Judicial District,
                In and for the County of Lewis and Clark,
                The Honorable Thomas C. Honzel, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

            Edmund F.  Sheehy, Jr.;  Cannon &  Sheehy; Helena,
            Montana

        For Respondent:

            Robert J. Wood; Asst. City Attorney; Helena, Montana


                            Submitted on Briefs:  August 23, 1990

                                    Decided:  October 3, 1990

Filed:

                                _____
                                        Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

The Defendant Robert Patrick Barrett appeals the judgment and order of the Montana First Judicial District Court, Lewis and Clark County, convicting him of the offense of driving under the influence of alcohol or drugs. We affirm the conviction.

Barrett raises the following issue on appeal:

Did the District Court err in refusing to give the Defendant's proposed instructions nos. 3 and 4?

Officers testified that on February 21, 1989, Barrett's vehicle was observed driving down the wrong side of the roadway, drifting back across the roadway, and weaving. When stopped, Barrett refused to take any field sobriety tests. After he was arrested, he continued to refuse to take any tests, including a chemical breath test. He was given a ticket for driving on the wrong side of the roadway and for driving under the influence, and his driver's licence was revoked pursuant to Montana's implied consent law, § 61-8-402, MCA, for refusing to take a breath test to determine the alcohol content of his blood.

A jury trial was held in Helena City Court on August 10, 1989, and a mistrial was declared when the jury failed to reach a verdict. The case was tried again on October 24, 1989. The charge of failure to drive on the right side of the roadway was dismissed and the jury found Barrett guilty of driving under the influence. The case was appealed and tried de novo in district court on February 5, 1990. At this trial, the court refused to give two of Barrett's proposed instructions, and the jury subsequently found

2

Barrett guilty. Barrett now appeals arguing that the failure to give these instructions was reversible error.

We disagree. The first instruction proposed by Barrett and refused by the court is as follows:

> You are instructed that, if a person refuses to submit to a test of their breath, blood or urine, such refusal is admissible evidence. However, you may not draw any inference from the fact that he refused such a test.

Defendant's Proposed Instruction No. 3. This instruction was properly refused because the second sentence is an incorrect statement of the law. State v. Crazy Boy (1988), 232 Mont. 398, 403, 757 P.2d 341, 344. In City of Missoula v. Forest (1989), 236 Mont. 129, 133-134, 769 P.2d 699, 701-702, we again held that evidence of refusal to submit to the breathalyzer is admissible, in accordance with § 61-8-404(2), MCA, and the United States Supreme Court's decision in South Dakota v. Neville (1983), 459 U.S. 553, 103 S.Ct. 916, 74 L.Ed.2d 748, which this Court followed in State v. Jackson (1983), 206 Mont. 338, 672 P.2d 255. These cases clearly establish the rule that neither the results of the breathalyzer test nor a defendant's refusal to submit to the breathalyzer test are communications protected by the Fifth Amendment of the federal constitution or Article II, Section 25 of the Montana Constitution. In Neville the Court stated:

> . . . [W]e do not think it fundamentally unfair for South Dakota to use the refusal to take the test as evidence of guilt, even though respondent was not specifically warned that his refusal could be used against him at trial. First, the right to silence underlying the Miranda warnings is one of constitutional dimension, and thus cannot be unduly burdened. [Citations omitted.] Respondents right to refuse the blood-alcohol test, by

3

contrast, is simply a matter of grace bestowed by the South Dakota Legislature.

. . . The officers did not specifically warn respondent that the test results could be used against him at trial. Explaining the consequences of the other option, the officers specifically warned respondent that failure to take the test could lead to loss of driving privileges for one year. . . . Importantly, the warning that he could lose his driver's license made it clear that refusing the test was not a "safe harbor," free of adverse consequences.

While the State did not actually warn respondent that the test results could be used against him, we hold that such a failure to warn was not the sort of implicit promise to forgo use of evidence that would unfairly "trick" respondent if the evidence were later offered against him at trail. We therefore conclude that the use of evidence of refusal after these warnings comported with the fundamental fairness required by due process.

Neville, 103 S.Ct. at 923-924. Thus, evidence of refusal is simply another factor to be considered along with all other relevant, competent evidence in determining whether the accused is guilty or not guilty. The instruction was properly refused because it instructed the jury not to consider such evidence for any purpose.

The second instruction offered by Barrett and refused by the court is as follows:

You are instructed that a law enforcement officer is permitted to make an investigatory stop of an individual when he has a particularized suspicion of some kind of wrongdoing. There is conflicting evidence in this case concerning whether or not the defendant was weaving across the centerline or driving down the middle of the roadway. If you believe that the defendant was not weaving or that conditions of the roadway required him to drive down the middle, then you shall disregard any evidence obtained as a result of the stop and detention including but not limited to the testimony of all witnesses who have testified for the city in this case.

Defendant's Proposed Instruction No. 4. The last sentence of this

4

instruction is an incorrect statement of the law, thus this instruction was also properly refused. Crazy Boy, 757 P.2d at 344. The focus of a determination on the validity of a stop is whether the police officer had sufficient grounds for a particularized suspicion or reasonable suspicion that an offense is taking place. State v. Sharp (1985), 217 Mont. 40, 45, 702 P.2d 959, 962; State v. Stemple (1982), 198 Mont. 409, 412, 646 P.2d 539, 540-541; State v. Gopher (Mont. 1981), 631 P.2d 293, 296, 38 St.Rep. 1078, 1081. Under the proposed instruction, even if the defendant subjectively believed the conditions of the roadway required him to drive down the middle, a trained police officer observing such actions still could have formed a reasonable suspicion and had sufficient grounds to stop the defendant. In such a situation, it would be error to instruct the jury to disregard all evidence obtained as a result of the stop. The instruction was properly refused.

The District Court committed no error in refusing Barrett's proposed instructions nos. 3 and 4. The judgment is

**AFFIRMED.**

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

5