Nos.  96-466 and 96-467

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997


STATE OF MONTANA,

Plaintiff and Respondent,

v.

MICHAEL ADAIR ELLENBURG,

Defendant and Appellant.


APPEAL FROM:   District Court of the Fourth Judicial District, In and for the County of
Missoula, the Honorable John W. Larson, Judge Presiding.


COUNSEL OF RECORD:

For Appellant:

Terry G. Sehestedt, Missoula, Montana

For Respondent:

Honorable Joseph P. Mazurek, Attorney General; Jennifer Anders,
Assistant Attorney General, Helena, Montana

Robert L. Deschamps III, County Attorney; Fred Van Valkenburg,
Deputy County Attorney, Missoula, Montana



Submitted on Briefs: April 4, 1997

Decided:June 11, 1997
Filed:


_____
Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

In proceedings before the Fourth Judicial District Court, Missoula County, Michael Adair Ellenburg was convicted of two separate offenses of operating a motor vehicle while under the influence of alcohol or drugs (DUI), fourth or subsequent offense. Ellenburg appeals from those convictions, raising issues reserved pursuant to 46-12-204(3), MCA. We affirm.

The issues are:

1. What is the effect of legislative silence concerning mental state in the felony provision of 61-8-714, MCA, on the status of DUI, fourth or subsequent offense, as an absolute liability offense?

2. Does suspension of a driver's license pursuant to the implied consent law followed by criminal prosecution arising from the same conduct violate the Double Jeopardy clauses of the Montana and United States Constitutions?

On January 12, 1996, Ellenburg was charged with four offenses said to have occurred on December 30, 1995: DUI, driving after being declared a habitual traffic offender, driving with a suspended or revoked license, and felony intimidation. On March 4, 1996, he was separately charged with a DUI offense alleged to have occurred on February 5, 1996.

Ellenburg moved to dismiss the January 12 charges on grounds including those raised in this appeal. His motion was denied by written opinion and order. He later pled guilty to the first three offenses charged on January 12, reserving the right to appeal the two issues here presented pursuant to 46-12-204(3), MCA. In exchange for Ellenburg's plea, the State agreed to dismiss the intimidation charge and to recommend specific sentences with respect to the other charges.

Ellenburg also pled guilty to the March 4 DUI charge, after having unsuccessfully moved for its dismissal. He reserved, however, the right to appeal the issue set forth here as Issue 1.

Following entry of judgments in both cases, Ellenburg filed notices of appeal. Inasmuch as the same issues are raised, the appeals have been consolidated.

Standard of Review

The grant or denial of a motion to dismiss in a criminal case is a question of law. State v. Hansen (1995), 273 Mont. 321, 323, 903 P.2d 194, 195. Our standard of review is plenary; we review the decision to determine whether the conclusion of law is correct. Hansen, 903 P.2d at 195.

Issue 1

What is the effect of legislative silence concerning mental state in the felony provision of 61-8-714, MCA, on the status of DUI, fourth or subsequent offense, as an absolute liability offense?

Section 61-8-714, MCA, sets forth the penalties for conviction of DUI. Ellenburg

was sentenced under subsection (4) thereof:

On the fourth or subsequent conviction, the person is guilty of a felony offense and shall be punished by imprisonment for a term of not less than 1 year or more than 10 years and by a fine of not less than $1,000 or more than $10,000. Except as provided in subsection (8), notwithstanding any provision to the contrary providing for suspension of execution of a sentence imposed under this subsection, the imposition or execution of the first 6 months of the imprisonment sentence imposed for a fourth or subsequent offense may not be suspended.

Section 61-8-714(4), MCA.

Citing the 45-2-104, MCA, requirement that absolute liability may only be imposed for a felony offense if the statute defining the offense clearly indicates a legislative purpose to impose absolute liability, Ellenburg points out that while 61-8-714(4), MCA, does not mention a required mental state, neither does it clearly indicate a legislative purpose to impose absolute liability. He argues that there is no clearly-indicated legislative intent to impose absolute liability for fourth or subsequent conviction of DUI, as is required under 45-2-104, MCA.

Ellenburg's argument is without merit. It fails to recognize that in the DUI convictions here appealed, while Ellenburg was sentenced pursuant to 61-8-714(4), MCA, the statute defining the offense is 61-8-401, MCA. That statute clearly states, and has since 1987, that "[a]bsolute liability as provided in 45-2-104 will be imposed for a violation of this section." Section 61-8-401(7), MCA.

Ellenburg contends that the absolute liability provision of 61-8-401(7), MCA, applies only to misdemeanor DUI charges which existed at the time the absolute liability provision was adopted in 1987. The 61-8-714(4), MCA, felony penalty for fourth or subsequent offense DUI was enacted as part of Ch. 447, L. 1995.

Section 61-8-401(7), MCA, does not, by its terms, limit absolute liability to misdemeanor DUI offenses, and Ellenburg has not demonstrated any good reason to "read in" such a limitation. Nor does Ellenburg contend that the lack of reference to absolute liability in the misdemeanor DUI penalty provisions of 61-8-714, MCA, prohibits imposition of absolute liability for misdemeanor DUI offenses. We conclude that, under 61-8-401(7), MCA, absolute liability is imposed for both felony and misdemeanor DUI convictions.

In denying Ellenburg's motion to dismiss, the District Court referred to this Court's opinion in State v. McDole (1987), 226 Mont. 169, 734 P.2d 683. On appeal, Ellenburg argues that this Court erred in McDole in concluding that 45-2-104, MCA, did not apply to the motor vehicle code in general and to DUI in particular. However, given the above statutory analysis, it is unnecessary for us to scrutinize McDole. Our decision in this case is based on the language of the statutes themselves, not on

McDole.
We hold that legislative silence concerning mental state in the felony provision of
61-8-714, MCA, has no effect on the status of DUI, fourth or subsequent offense, as an absolute liability offense pursuant to 61-8-401(7), MCA.

Issue 2

Does suspension of a driver's license pursuant to the implied consent law followed by criminal prosecution arising from the same conduct violate the Double Jeopardy clauses of the Montana and United States Constitutions?

When he refused to submit to a breathalyzer test in connection with the incidents which formed the basis of the January 12, 1996 charges against him, Ellenburg's driver's license was suspended pursuant to 61-8-402, MCA. He appealed to this Court. We affirmed the suspension of Ellenburg's driver's license in Ellenburg v. Montana Dept. of Justice (Mont. 1996), 929 P.2d 861, 53 St.Rep. 1398.

Ellenburg claims that the license suspension and the subsequent DUI prosecution violate the Double Jeopardy clauses of both the Montana and the United States Constitutions. He argues that he has been prosecuted for two offenses arising out of the same transaction and that the "same elements" test from Blockburger v. United States (1932), 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306, applies in making the double jeopardy determination.

This Court soundly rejected application of the Blockburger test to a similar double jeopardy claim in City of Helena v. Danichek (1996), 277 Mont. 461, 922 P.2d 1170. Like Ellenburg, Danichek argued that constitutional protections against double jeopardy prohibited him from being criminally prosecuted for operating a motor vehicle under the influence of alcohol following suspension of his driver's license for refusing a breathalyzer test. We denied Danichek's claim.

> Danichek violated 61-8-402, MCA (1993), by refusing the police officer's request to submit to a breathalyzer test. He violated 61-8-401, MCA (1993), by driving a vehicle upon the public ways of the state while under the influence of alcohol. The conduct that triggered the violation of -402 was separate and distinct from the conduct that triggered the violation of -401. Danichek exhibited two different courses of conduct and committed two different offenses. Danichek's argument that the implied consent law only becomes operative when a DUI violation occurs is shortsighted. A person who violates -402 has his or her license immediately suspended regardless of whether or not he or she is subsequently convicted of the DUI violation. The license suspension is imposed for refusing the sobriety test and not for the DUI offense.

Danichek, 922 P.2d at 1174. Ellenburg acknowledges the Court's holding in Danichek, but nonetheless asks the Court to revisit the issue and hold, in contravention of that opinion, that Blockburger is the correct analysis and that a double jeopardy violation

occurred here.  We decline to do so.  Danichek is this Court's official pronouncement that suspension of a driver's license followed by a DUI prosecution does not violate state or federal constitutional provisions regarding double jeopardy.

Affirmed.

/S/  J. A.  TURNAGE

We concur:

/S/  JAMES C. NELSON
/S/  W. WILLIAM LEAPHART
/S/  WILLIAM E. HUNT, SR.
/S/  TERRY N. TRIEWEILER