No. 04-691

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 142

STATE OF MONTANA,

          Plaintiff and Respondent,

     v.

CORY ALLYN HUDSON,

          Defendant and Appellant.

APPEAL FROM:     District Court of the Thirteenth Judicial District,
                 In and for the County of Yellowstone, Cause No. DC 2003-690,
                 The Honorable Ingrid Gustafson, Judge presiding.

COUNSEL OF RECORD:

          For Appellant:

          Brad L. Arndorfer, Arndorfer Law Firm, P.C., Billings, Montana

          For Respondent:

          Hon. Mike McGrath, Attorney General; Pamela P. Collins,
          Assistant Attorney General, Helena, Montana

          Dennis Paxinos, Yellowstone County Attorney; Christopher Morris,
          Deputy County Attorney, Billings, Montana

                         Submitted on Briefs:  May 11, 2005

                              Decided:  June 7, 2005

Filed:

_____
                    Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1      A jury in the Thirteenth Judicial District Court, Yellowstone County, convicted the Appellant Cory Allyn Hudson (Hudson), on one count of driving while under the influence of alcohol, a felony.  Hudson appeals his conviction.  We affirm.

¶2      We address the following issues on appeal:

¶3      1.  Whether the District Court's instruction to the jury regarding Hudson's actual physical control of the vehicle violated his due process rights.

¶4      2.  Whether the District Court's instruction to the jury regarding the admissibility of Hudson's refusal to submit to field sobriety tests constitutes an improper comment on the evidence.

## FACTUAL AND PROCEDURAL BACKGROUND

¶5      Paramedics responded to a call in the early morning hours of August 17, 2003, regarding a person passed out in a vehicle that was parked the wrong way in a ditch along Highway 312 near Huntley, Montana.  The paramedics arrived at the scene and found Hudson asleep in the driver's side of the vehicle, with the motor running, the window partially rolled down, and the headlights shining and the radio playing.  Hudson, though asleep, remained upright in the driver's seat until paramedics reached through the window and contacted him.  Hudson, once awakened, attempted to put the car in drive before the paramedics seized the keys and turned off the ignition.

¶6      The paramedics called for police assistance after observing that Hudson smelled of alcohol, slurred his speech, and swayed noticeably while standing.  Officers arrived at the

2

scene ten minutes later and questioned Hudson regarding his whereabouts over the course of the evening. Hudson admitted to drinking with a friend for most of the afternoon and evening, but denied driving the vehicle. He claimed instead that his friend had abandoned him alone with the car after an argument had arisen between the two. Hudson refused to perform field sobriety maneuvers upon the officers' requests and the officers arrested and later cited Hudson for being in actual physical control of a motor vehicle while under the influence of alcohol.

¶7 The State filed an Information on August 22, 2003, charging Hudson with driving while the under the influence of alcohol, a felony, in violation of § 61-8-401, MCA, that makes it unlawful for a person who is under the influence of alcohol to drive or be in "actual physical control of a vehicle" upon public roadways. Hudson admitted at trial that he remained intoxicated and asleep in the driver's seat with the keys in the ignition at the time police arrested him. Hudson testified, however, that he did not operate, and did not intend to operate, the vehicle at any time and stayed in the car merely to "sleep it off."

¶8 The parties submitted proposed jury instructions to the District Court at the conclusion of the trial. Hudson objected to the State's proposed instruction that defined "actual physical control" pursuant to § 61-8-401, MCA, as "[a] person is in actual physical control of a motor vehicle if the person is not a passenger, and is in a position to, and had the ability to, operate the vehicle in question." Hudson objected to the instruction on the grounds that it misstated the law in Montana. Hudson argued instead for an instruction that permitted the jury to find whether the defendant drove to where the authorities found the

3

vehicle and whether the defendant intended to drive. The court refused Hudson's proposed jury instruction. Hudson also objected to the State's proposed instruction regarding the admissibility of his refusal to submit to field sobriety tests on the grounds that it improperly commented on the evidence. The court adopted the State's proposed instructions on "actual physical control" and Hudson's refusal to submit to field sobriety tests.

¶9 The jury returned a guilty verdict on one count of driving while under the influence of alcohol. The District Court sentenced Hudson to thirteen months in a community-based program for alcohol treatment, with eligibility for parole upon successful completion of the program. The court further sentenced Hudson to prison for a term of three years, all suspended, with conditions to run consecutively to the conditions of his treatment program. This appeal follows.

## STANDARD OF REVIEW

¶10 We review a district court's jury instructions to determine whether the instructions, as a whole, fully and fairly instruct the jury on the applicable law. *State v. Baker*, 2000 MT 307, ¶ 26, 302 Mont. 408, ¶ 26, 15 P.3d 379, ¶ 26. The district court maintains broad discretion when instructing the jury. *State v. Nelson*, 2001 MT 236, ¶ 10, 307 Mont. 34, ¶ 10, 36 P.3d 405, ¶ 10. The instructions must prejudicially affect the defendant's substantial rights to constitute reversible error. *State v. Goulet* (1997), 283 Mont. 38, 41, 938 P.2d 1330, 1332.

## DISCUSSION

¶11 **Whether the District Court's instruction to the jury regarding Hudson's actual**

4

**physical control of the vehicle violated his due process rights.**

¶12 Hudson argues that the District Court erred when it instructed the jury that actual physical control of a vehicle only requires that the person remains in a position to and has the ability to operate the vehicle. Hudson maintains that the "actual physical control" instruction proposed by the State does not properly set out the law in Montana. Hudson invites the Court to modify the "actual physical control" instruction to address whether the trier of fact believed the person under the influence drove the vehicle to the location and whether the person intended to operate the vehicle. We decline the invitation.

¶13 To convict a person of driving under the influence, the State must prove that the defendant was: (1) driving or in actual physical control of a vehicle; (2) upon the ways of the state open to the public; and (3) while under the influence of alcohol. *State v. Hagen* (1997), 283 Mont. 156, 939 P.2d 994 (citing § 61-8-401, MCA). A person has "actual physical control" of a vehicle when he or she "has existing or present bodily restraint, directing influence, domination or regulation" of a vehicle. *State v. Robison* (1997), 281 Mont. 64, 66, 931 P.2d 706, 707 (citations omitted). We impose absolute liability for felony DUI convictions. *State v. Ellenburg* (1997), 283 Mont. 136, 938 P.2d 1376.

¶14 In *Robison* we rejected a court's jury instruction that expanded the definition of "actual physical control" to encompass any intoxicated passenger in the vehicle. *Robison*, 281 Mont. at 68, 931 P.2d at 708. We reasoned that the court's instruction misstated the law by including intoxicated passengers who were "physically inside an operational motor vehicle with the potential to operate or drive that motor vehicle" but who actually had never

5

driven while intoxicated. *Robison*, 281 Mont. at 68, 931 P.2d at 708.

¶15 The District Court correctly instructed the jury regarding Hudson's "actual physical control" of the vehicle. The court's instruction proves identical to the Model Criminal Jury Instruction produced by the Criminal Jury Instruction Commission and accurately reflects the law as developed by judicial interpretation. *See State v. Ruona* (1958), 133 Mont. 243, 321 P.2d 615; *State v. Taylor* (1983), 203 Mont. 284, 661 P.2d 33; *State v. Ryan* (1987), 229 Mont. 7, 744 P.2d 1242; *Turner v. State* (1990), 244 Mont. 151, 795 P.2d 982. The court's jury instruction, therefore, does not suffer from the same defects as *Robison* as the court correctly communicated the appropriate law requiring that a person remain "in a position to, and have the ability to, operate the vehicle in question." Further, the offense of driving while under the influence remains a strict liability offense that does not require an intent element and we will not add one here. *Ellenburg*, 283 Mont. at 137, 938 P.2d at 1377.

¶16 The evidence at trial demonstrated that Hudson remained in a position to exert actual physical control over the vehicle. Paramedics found Hudson behind the wheel of the vehicle, with the motor running, the window partially rolled down, and the headlights and radio on. Hudson attempted to put the vehicle in drive when paramedics awoke him and Hudson himself testified that he remained in the driver's seat with the keys in the ignition when the paramedics approached. We held in *Taylor*, that a motorist remains in a position to regulate a vehicle while asleep behind the steering wheel of a vehicle stuck in a borrow pit. *Taylor*, 203 Mont. at 287, 661 P.2d at 34. Hudson satisfies this standard.

¶17 An instruction must be supported either by direct evidence or some logical inference

6

from the evidence presented. *State v. Miner* (1976), 169 Mont. 260, 267, 546 P.2d 252, 256. Under the given instructions, if the jury believed Hudson's theory of the incident, they could have found in his favor. It remained the jury's duty to determine, however, which account of the incident, the State's or Hudson's, they believed more credible and worthy of belief. *State v. Lewis* (1976), 169 Mont. 290, 294, 546 P.2d 518, 520 (holding it remains the function of the trier of fact to determine the credibility of the witnesses and the weight to be given their testimony). No error occurs where the district court adequately instructed the jury. *State v. Kirkaldie* (1978), 179 Mont. 283, 293, 587 P.2d 1298, 1304. We conclude that the District Court fully and accurately instructed the jury and Hudson had ample opportunity to argue the merits of his defense. Accordingly, we determine that the District Court properly instructed the jury on the definition of "actual physical control."

¶18 **Whether the District Court's instruction to the jury regarding the admissibility of Hudson's refusal to submit to field sobriety tests constitutes an improper comment on the evidence.**

¶19 Hudson next argues that the District Court abused its discretion when it instructed the jury that evidence he refused to submit to field sobriety test remained admissible. Hudson contends that the court's jury instruction amounted to an improper comment on the evidence and should have been refused.

¶20 Evidence of a refusal to submit to field sobriety tests, including the breathalyzer, remains admissible in any criminal action or proceeding. *City of Helena v. Barrett* (1990), 245 Mont. 35, 37, 798 P.2d 544, 545 (citing § 61-8-404(2), MCA). Any person who

7

operates a motor vehicle within the State shall be deemed to have given his implied consent to a chemical test to determine the alcohol content of his blood if arrested by a police officer on suspicion of driving under the influence of alcohol. *City of Missoula v. Forest* (1989), 236 Mont. 129, 133, 769 P.2d 699, 701-02.

¶21 The District Court correctly instructed the jury regarding the admissibility of Hudson's refusal to submit to the field sobriety tests. Hudson argues that evidence of his refusal tends to be only marginally probative as to the ultimate issue of guilt. Hudson cites to our decision in *State v. Hall*, 1999 MT 297, 297 Mont. 111, 991 P.2d 929, in which we suggested that the evidence of flight by a defendant more properly should be left for counsel to argue to the jury rather than for the court to instruct the jury. *Hall*, ¶ 46. We conclude, however, that *Hall* proves inapposite here as a statute specifically provides that evidence of refusal remains admissible. Section 61-8-404(2), MCA. Moreover, the court instructed the jury that evidence of refusal simply constitutes another factor to be considered along with all other relevant, competent evidence in determining whether a person remains guilty. The District Court's jury instruction mirrored the language of the statute and thus correctly set forth the law applicable to the case.

¶22 It remains the function of the trier of fact to determine the credibility of the witnesses and the weight to be given their testimony. *State v. Brady*, 2000 MT 282, ¶ 28, 302 Mont. 174, ¶ 28, 13 P.3d 941, ¶ 28. Once again, no error occurs where the district court adequately instructed the jury. *Kirkaldie*, 179 Mont. at 293, 587 P.2d at 1304. We conclude that the District Court fully and accurately instructed the jury and Hudson had ample opportunity to

8

argue the merits of his defense. We determine that the District Court properly instructed the jury on the admissibility of Hudson's refusal to submit to field sobriety tests.

¶23    Affirmed.

/S/ BRIAN MORRIS

We Concur:

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE