DA 12-0756

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2014 MT 19N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

JASON RAND,

      Defendant and Appellant.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. DDC 12-235
Honorable James P. Reynolds, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Wendy Holton, Attorney at Law; Helena, Montana

      For Appellee:

      Timothy C. Fox, Montana Attorney General, Pamela P. Collins, Assistant
Attorney General; Helena, Montana

      Leo Gallagher, Lewis and Clark County Attorney, Jeff Sealey, Deputy
County Attorney; Helena, Montana

Submitted on Briefs:  December 18, 2013
Decided:  January 21, 2014

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Jason Rand (Rand) appeals his conviction at trial on one count of Driving under the Influence Per Se (DUI Per Se). We affirm.

¶3      Lewis and Clark County Deputies (Deputies) discovered Rand sleeping in the driver's seat of his vehicle with the motor running and checked to see whether he needed assistance. Upon waking Rand, Deputies found that he smelled strongly of alcohol, conducted field sobriety tests, and eventually detained him for DUI. At all times during his arrest and trial, Rand maintained that he did not intend to drive, but rather, to sleep in his running vehicle.

¶4      Before trial on one count of DUI Per Se, the State moved *in limine* to prohibit Rand from arguing that he did not intend to drive the vehicle. Rand opposed that motion, citing to *Arizona v. Zaragoza*, 209 P.3d 629 (Ariz. 2009) for the proposition that his intent to drive was relevant to whether he was in "actual physical control" of his vehicle. Rand further proposed a jury instruction that "actual physical control" of a motor vehicle must be evaluated by considering a totality of the circumstances and whether the person's current or imminent control of the vehicle presented a real danger to himself or others. The District Court rejected Rand's instruction and granted the State's motion *in limine* on the grounds that Montana's DUI statute is an absolute liability offense, and therefore, intent is irrelevant to the commission of the crime. The jury later returned a verdict of guilty to the DUI Per Se

2

charge. On appeal to this Court, Rand argues that the District Court should have instructed the jury to consider the totality of the circumstances, including his intent, to determine whether he was in "actual physical control" of his vehicle.

¶5 A trial court's grant or denial of a motion *in limine* is an evidentiary ruling reviewed for abuse of discretion. *State v. Hicks*, 2013 MT 50, ¶ 14, 369 Mont. 165, 296 P.3d 1149. We review jury instructions for abuse of discretion. *Christofferson v. City Great Falls*, 2003 MT 189, ¶ 9, 316 Mont. 469, 74 P.3d 1021.

¶6 A person may be guilty of an offense without having a mental state of knowingly, negligently or purposely when the statute defining the offense clearly indicates a legislative purpose to impose absolute liability for the conduct described. Section 45-2-104, MCA. "An absolute liability offense is one in which the actor's intent is irrelevant since it is the act itself which constitutes the offense." *State v. Huebner*, 252 Mont. 184, 188, 827 P.2d 1260, 1263 (1992) (citing *State v. McDole*, 226 Mont. 169, 174, 734 P.2d 683, 686 (1987)). The offense of driving under the influence is a strict liability offense and does not require an intent element. *State v. Hudson*, 2005 MT 142, ¶ 15, 327 Mont. 286, 114 P.3d 210 (citing *State v. Ellenburg*, 283 Mont. 136, 137, 938 P.2d 1376, 1377).

¶7 In light of this well-settled Montana law, the District Court properly found that evidence of Rand's intent was irrelevant to the trial, and properly refused Rand's instruction that his mental state should be considered in determining "actual physical control." A driver remains in actual physical control of a vehicle while asleep behind its steering wheel; movement or intended movement is not required. *Hudson*, ¶ 16 (citing *State v. Taylor*, 203 Mont. 284, 287, 661 P.2d 33, 34 (1983)). That is exactly the case here. Rand exerted actual

3

physical control over his car when he slept behind the wheel.  Therefore, the District Court properly exercised its discretion in refusing evidence of Rand's intent and refusing his jury instruction on "actual physical control."

¶8    The District Court's decision correctly applied well-settled Montana law.  We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our Internal Operating Rules, which provides for noncitable memorandum opinions.  Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ PATRICIA COTTER
/S/ JIM RICE
/S/ BETH BAKER
/S/ LAURIE McKINNON

4