FILED

01/24/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0178

DA 16-0178

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 16N

CITY OF HELENA,

Plaintiff and Appellee,

v.

JOHN ANDREW SCHROEDER,

Defendant and Appellant.

APPEAL FROM:     District Court of the First Judicial District,
                 In and For the County of Lewis and Clark, Cause No. DDC 15-221
                 Honorable James P. Reynolds, Presiding Judge

COUNSEL OF RECORD:

            For Appellant:

            Palmer A. Hoovestal, Hoovestal Law Firm, PLLC, Helena, Montana

            For Appellee:

            Timothy C. Fox, Montana Attorney General, Jonathan M. Krauss,
            Assistant Attorney General, Helena, Montana

            Thomas J. Jodoin, Helena City Attorney, Iryna O'Connor, Deputy City
            Attorney, Helena, Montana

                              Submitted on Briefs:  January 4, 2017

                                        Decided:  January 24, 2017

Filed:

                    _____
                                    Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 John Andrew Schroeder appeals the First Judicial District Court's order affirming the Helena Municipal Court's judgment against him for driving under the influence (DUI). We affirm.

¶3 Helena Police Officer Andrew Barton observed Schroeder's vehicle stopped in a left-turn-only lane at a red light on December 17, 2014, at around 11:50 p.m. When the light turned green, Schroeder accelerated and merged into the lane continuing straight through the intersection without using his turn signal. Officer Barton observed Schroeder's car "fishtail" while making a turn moments later.

¶4 Officer Barton initiated a traffic stop of Schroeder's vehicle. As he spoke with Schroeder, he noticed that Schroeder's speech was slurred, that his eyes were "glossy," and that his breath smelled of alcohol. Schroeder told Officer Barton that he had consumed one beer that night. He refused to submit to standard field sobriety tests, a breath test, or a blood test. Officer Barton placed Schroeder under arrest for DUI.

¶5 The City of Helena charged Schroeder with DUI in the Helena Municipal Court. During Schroeder's bench trial, the City presented Officer Barton's testimony and his in-car video, which depicted Schroeder's driving behavior, the traffic stop, and Officer

2

Barton's conversation with Schroeder. The trial testimony of Schroeder and two of his coworkers with whom he had spent the evening indicated that he had consumed three beers in the hours prior to his arrest.

¶6     At the close of the City's case-in-chief, Schroeder moved to dismiss for insufficient evidence. The court denied his motion, reasoning that Schroeder's refusal to submit to a blood or breath test created a "presumption" of intoxication that, combined with Schroeder's driving behavior, his "glossy eyes," "the odor of alcoholic beverage," and his "admission to drinking," established a prima facie case that he had been driving under the influence. At the close of trial, the court found Schroeder guilty of DUI.

¶7     Schroeder appealed his conviction to the First Judicial District Court. He argued that the Municipal Court erred as a matter of law by applying a "mandatory presumption" of intoxication to his refusal to submit to testing, when legally it should have applied only a "permissible inference" of intoxication. The District Court affirmed the conviction. It concluded that, although the Municipal Court used the word "presumption" in its reasoning, in substance it treated Schroeder's refusal to submit to testing as a permissive rather than a "mandatory" presumption.

¶8     When reviewing a district court's ruling on the decision of a municipal court, we examine the record independently of the district court's decision, applying the appropriate standards of review. *City of Missoula v. Tye*, 2016 MT 153, ¶ 8, 384 Mont. 24, 372 P.3d 1286. We review a district court's conclusions of law to determine whether they are correct. *State v. Bonamarte*, 2009 MT 243, ¶ 13, 351 Mont. 419, 213 P.3d 457. When reviewing whether evidence is sufficient to support a criminal conviction, this

Court views the facts in a light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Hocevar*, 2000 MT 157, ¶ 23, 300 Mont. 167, 7 P.3d 329. It remains the function of the trier of fact to determine the credibility of the witnesses and the weight to be given their testimony. *State v. Hudson*, 2005 MT 142, ¶ 22, 327 Mont. 286, 114 P.3d 210.

¶9 When a defendant charged with driving under the influence has refused blood or breath testing, "[t]he trier of fact may infer from the refusal that the person was under the influence. The inference is rebuttable." Section 61-8-404(2), MCA. This statute creates a "permissive" inference—meaning that the trier of fact may "accept or reject the inference." *State v. Michaud*, 2008 MT 88, ¶ 54, 342 Mont. 244, 180 P.3d 636. Under the Montana statutory rules of evidence, "[a]n 'inference' is a deduction which the trier of fact may make from the evidence." Section 26-1-501, MCA.

¶10 The Municipal Court used the word "presumption," but it plainly applied Schroeder's testing refusal as an inference of intoxication. In finding Schroeder guilty of the offense, the court considered not only Schroeder's refusal to submit to testing, but also evidence that Schroeder had consumed three beers (though he had admitted to only one), drove erratically, had "glossy" eyes, slurred his speech, and smelled of alcohol. Given the evidence, the court had "no doubt Mr. Schroeder . . . was under the influence of alcohol." This language evinces the court's "deduction"—or inference—from the evidence that Schroeder was intoxicated. *See* § 26-1-501, MCA. The court concluded that Schroeder had not rebutted this inference. *See* § 61-8-404(2), MCA. Regardless of

4

its terminology, the court treated Schroeder's refusal as creating a "permissive inference," rather than a mandatory presumption, of intoxication. *Michaud*, ¶ 54. The District Court was correct in concluding as much. *See Bonamarte*, ¶ 13.

¶11 The evidence was sufficient to support the Municipal Court's finding that Schroeder was guilty of driving under the influence. The court heard testimony and reviewed admitted evidence of Schroeder's numerous signs of intoxication. Although Schroeder emphasizes the strength of his evidence at trial, it was the province of the fact-finder to determine the credibility of witnesses and the weight to give to their testimony. *Hudson*, ¶ 22. Viewed in the light most favorable to the prosecution, the evidence was sufficient to support Schroeder's conviction, and a rational trier of fact could have found the essential elements of the crime of DUI beyond a reasonable doubt. *See Hocevar*, ¶ 23. The District Court thus correctly upheld Schroeder's conviction. *See Bonamarte*, ¶ 13.

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for noncitable memorandum opinions. This appeal is resolved by the clear application of applicable standards of review. The District Court's order affirming Schroeder's conviction is affirmed.

/S/ BETH BAKER

We concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ LAURIE McKINNON
/S/ JIM RICE