FILED

02/28/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0063

DA 16-0063

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2017 MT 41N

CITY OF GREAT FALLS,

      Plaintiff and Appellee,

    v.

JOHN LUNDSTROM KISER,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. ADC 15-322
Honorable Greg Pinski, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Julie Brown, Montana Legal Justice, Missoula, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Tammy A. Hinderman,
Assistant Attorney General, Helena, Montana

          Neil Arnie Anthon, Great Falls City Attorney, Great Falls, Montana

Submitted on Briefs:  January 18, 2017

Decided:  February 28, 2017

Filed:

                                 Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 The Great Falls Municipal Court granted the City's motion in limine to preclude John Kiser from presenting evidence that he did not plan to drive his vehicle while under the influence. Kiser appeals the Eighth Judicial District Court's order affirming the Municipal Court's decision. We affirm.

¶3 Kiser was charged with driving under the influence (DUI) in November 2014 after a Great Falls police officer found Kiser intoxicated and asleep in his parked vehicle with the engine running. Prior to trial, the City filed a motion in limine seeking to prohibit Kiser from arguing that he was not guilty of DUI because he did not operate, nor did he intend to operate, the vehicle while intoxicated. The Municipal Court's order granting the City's motion addressed only the intent issue. The court reasoned that Kiser's intent was irrelevant, and it emphasized that the inquiry was whether Kiser was in actual physical control of the vehicle. During trial, Kiser testified that he had parked the car before he began drinking. The jury found Kiser guilty.

¶4 Kiser appealed to the District Court and argued that the Municipal Court deprived him of his constitutional right to present a defense to the jury when it granted the City's motion. The District Court affirmed.

¶5 When reviewing the decision of a district court on an appeal from a municipal court, we review the case as if the appeal had originally been filed in this Court, applying the appropriate standard of review. *City of Helena v. Broadwater*, 2014 MT 185, ¶ 8, 375 Mont. 450, 329 P.3d 589. A trial court's ruling on a motion in limine is an evidentiary ruling; the trial court has broad discretion in determining whether evidence is relevant and admissible. *State v. Lozon*, 2012 MT 303, ¶ 9, 367 Mont. 424, 291 P.3d 1135. We will not disturb a court's determination on the admissibility of evidence absent an abuse of discretion. *Lozon*, ¶ 9.

¶6 On appeal, Kiser does not dispute that he was allowed to testify that he parked the car prior to drinking. He also acknowledges that DUI is a strict liability offense that does not require proof of intent. Kiser nonetheless asserts that he was deprived of his right to present a full defense because he was not permitted to offer evidence regarding whether he had driven or intended to drive his vehicle while under the influence. He argues that such evidence is relevant under the totality-of-the-circumstances test we adopted in *State v. Sommers*, 2014 MT 315, 377 Mont. 203, 339 P.3d 65, because it would provide "context."

¶7 We are unpersuaded by Kiser's contentions. First, as Kiser seems to acknowledge, DUI is "a strict liability offense that does not require an intent element."

*State v. Hudson*, 2005 MT 142, ¶ 15, 327 Mont. 286, 114 P.3d 210 (citing *State v. Ellenberg*, 283 Mont. 136, 138-39, 938 P.2d 1376, 1377-78 (1997)). The Municipal Court correctly concluded that evidence of Kiser's intent could not be considered and was irrelevant to whether he violated the statute.

¶8    Additionally, the statute under which Kiser was convicted provides in pertinent part that it is illegal for an intoxicated person "to drive *or* be in actual physical control of a vehicle." Section 61-8-401(1)(a), MCA (emphasis added). The statute's prohibition on actual physical control "is based on a policy of deterring intoxicated people from assuming physical control of a vehicle, *even if they never actually drive*." *Sommers*, ¶ 20 (citation and internal quotations omitted) (emphasis added). In determining whether an individual had actual physical control of a vehicle, the factfinder may consider various "relevant factors" under a totality-of-the-circumstances test. *Sommers*, ¶ 35. An individual is in actual physical control of a vehicle when she is "not a passenger and is in a position to cause the vehicle to move or control the vehicle's movement in some manner or direction." *Sommers*, ¶ 35. "An individual need not be conscious to be in actual physical control." *Sommers*, ¶ 35.

¶9    Here, the officer found Kiser asleep in the driver's seat of his vehicle with the engine running. Contrary to his arguments, whether Kiser drove or planned to drive while intoxicated is not relevant to whether he was "in a position to cause the vehicle to move" and was thus in actual physical control of the vehicle. *See Sommers*, ¶ 35. Evidence that Kiser did not drive or that he did not intend to drive was not a relevant

4

consideration for the factfinder.  The Municipal Court thus did not abuse its discretion in granting the City's motion in limine, and the District Court did not err in affirming the Municipal Court's order.

¶10    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  In the opinion of the Court, the case presents a question controlled by settled law.  We affirm the District Court's order upholding the Municipal Court's grant of the City's motion in limine.


/S/ BETH BAKER


We concur:

/S/ LAURIE McKINNON
/S/ MICHAEL E WHEAT
/S/ DIRK M. SANDEFUR
/S/ JIM RICE