No. 89-584

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

IN THE MATTER OF THE SUSPENSION
OF THE DRIVER'S LICENSE OF
RONALD DWAIN TURNER,
   Petitioner and Appellant,
-vs-
STATE OF MONTANA,
   Respondent.

APPEAL FROM:  District Court of the Tenth Judicial District,
              In and for the County of Fergus County,
              The Honorable Peter L. Rapkoch, Judge presiding.

COUNSEL OF RECORD:

          For Appellant:

              Bradley B. Parrish, Lewistown, Montana

          For Respondent:

              Marc Racicot, Attorney General, Peter Funk,
              Assistant Attorney General, Helena, Montana; Craig
              R. Buehler, Fergus County Attorney, Lewistown,
              Montana

                                Submitted:  May 10, 1990

                                  Decided:  August 28, 1990

Filed:

FILED

'90 AUG 28 PM 3 50

ED SMITH, CLERK
MONTANA SUPREME COURT

_____
                Clerk

Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Petitioner and appellant, Ronald Dwain Turner, appeals from the judgment of the Tenth Judicial District Court, Fergus County, which upheld the suspension of his driver's license for refusing to submit to a chemical test of his breath as required by § 61-8-402, MCA, the implied consent law. We affirm.

The sole issue raised on appeal is whether the arresting officer had reasonable grounds to believe that Turner was in actual physical control of a vehicle while under the influence of alcohol.

On September 19, 1989, at approximately 4:00 p.m., Ronald Dwain Turner drove his 1974 Suzuki motorcycle to the Sportsman Lounge in Lewistown. Sometime around 8:00 p.m., after consuming an undetermined number of beers, he left the bar. Because the motorcycle's clutch did not work, he began pushing the bike in the direction of his home. He did not get on the motorcycle or start the bike's engine. He did turn its headlight on.

Turner wheeled the 773-pound motorcycle on city streets for about one mile. At a corner where the street crossed the highway, he slipped on some loose gravel, tipping the motorcycle over. A passing motorist stopped and helped him lift the motorcycle back up. By the time police officers arrived, the bike had been returned to an upright position and Turner was attempting to push it from the middle of the street.

The officers helped Turner roll the bike off of the street and

2

park it. They then arrested him for driving while under the influence and took him to the police station.

At the station, the arresting officer read Turner the implied consent law and asked him to submit to a chemical test of his breath. Although Turner at first agreed to take the test, the officer considered his halfhearted attempts to blow into the breathalizer a refusal to comply. He therefore reported Turner to the Department of Justice, Driver Improvement Bureau.

The Driver Improvement Bureau suspended Turner's driver's license for 90 days for failure to submit to the chemical test. Thereafter, Turner petitioned the District Court pursuant to § 61-8-403, MCA, for a hearing on the matter. At the conclusion of the hearing, the District Court denied the petition, holding that Turner had refused to submit to a chemical test of his breath and that the arresting officer had reasonable grounds to believe that he was in actual physical control of the motorcycle. This appeal followed.

The implied consent law, § 61-8-402, MCA, provides that an individual who has been arrested for driving or being in actual physical control of a motor vehicle while under the influence of alcohol is deemed to have given his consent to a chemical test for the purpose of determining the alcoholic content of his blood. An individual who refuses to submit to the test may have his driver's license seized and his driving privileges suspended by the Department of Justice. The law reads in pertinent part as follows:

3

(1) Any person who operates a vehicle upon ways of this state open to the public shall be deemed to have given consent, subject to the provisions of 61-8-401, to a chemical test of his blood, breath, or urine for the purpose of determining the alcoholic content of his blood if arrested by a peace officer for driving or in actual physical control of a vehicle while under the influence of alcohol. The test shall be administered at the direction of the peace officer having reasonable grounds to believe the person to have been driving or in actual physical control of a vehicle upon ways of this state open to the public while under the influence of alcohol. The arresting officer may designate which one of the aforesaid tests shall be administered.

. . .

(3) If a resident driver under arrest refuses upon the request of a peace officer to submit to a chemical test designated by the arresting officer as provided in subsection (1) of this section, none shall be given, but the officer shall, on behalf of the department, immediately seize his driver's license. The peace officer shall forward the license to the department, along with a sworn report that he had reasonable grounds to believe the arrested person had been driving or was in actual physical control of a vehicle upon ways of this state open to the public, while under the influence of alcohol and that the person had refused to submit to the test upon the request of the peace officer. Upon receipt of the report, the department shall suspend the license for the period provided in subsection (5).

. . .

(5) The following suspension and revocation periods are applicable upon refusal to submit to a chemical test:

(a) upon a first refusal, a suspension of 90 days with no provision for a restricted probationary license;

(b) upon a second or subsequent refusal within 5 years of a previous refusal, as determined from the records of the department, a revocation of 1 year with no provision for a restricted probationary license.

. . .

(7) All such suspensions are subject to review as hereinafter provided.

4

Section 61-8-402, MCA.

Section 61-8-403, MCA, governs the judicial review of the suspension of driving privileges under the implied consent law. The statute provides:

> The department shall immediately notify any person whose license of privilege to drive has been suspended or revoked, as hereinbefore authorized, in writing and such person shall have the right to file a petition within 30 days thereafter for a hearing in the matter in the district court in the county wherein such person resides or in the district court in the county in which this arrest was made. Such court is hereby vested with jurisdiction and it shall be its duty to set the matter for hearing upon 10 days' written notice to the county attorney of the county wherein the appeal is filed and such county attorney shall represent the state, and thereupon the court shall take testimony and examine into the facts of the case, <u>except that the issue shall be limited to whether a peace officer had reasonable grounds to believe the person had been driving or was in actual physical control of a vehicle upon ways of this state open to the public, while under the influence of alcohol</u>, whether the person was placed under arrest, and whether such person refused to submit to the test. The court shall thereupon determine whether the petitioner is entitled to a license or is subject to suspension as heretofore provided. (Emphasis added.)

Section 61-8-403, MCA.

A hearing held pursuant to § 61-8-403, MCA, is a civil proceeding in which the District Court determines:

(1) whether the arresting officer had <u>reasonable grounds to believe</u> the following:

(a) that the petitioner had been driving or was in actual physical control of a vehicle;

(b) that the vehicle was on a way of this state open to the public; and

(c) that the petitioner was under the influence of alcohol;

5

(2) whether the individual was placed under arrest; and

(3) whether the individual refused to submit to a chemical test. (Emphasis in original.)

Gebhardt v. State, 238 Mont. 90, 95, 775 P.2d 1261, 1265 (1989).

Turner concedes that the motorcycle was on a public way, that he was intoxicated and that he was placed under arrest. At the District Court hearing, he contended that he had not refused to submit to a chemical test of his breath, but that contention has been abandoned on appeal. Therefore, the only issue before us is whether the arresting officer had reasonable grounds to believe that Turner was in actual physical control of the motorcycle.

Turner argues that in this case he was not in "actual physical control" of the motorcycle because he did not straddle the seat of the bike and actually drive it by operation of the motor or by coasting. Turner's interpretation of actual physical control is much too restrictive. An individual need not be actually sitting atop the seat of a motorcycle in order to be in actual physical control of the vehicle. As long as the individual exercises "present bodily restraint, directing influence, domination or regulation" over a motor vehicle, he exerts actual physical control over the vehicle. State v. Ruona, 133 Mont. 243, 248, 321 P.2d 615, 618 (1958).

Turner clearly had actual physical control over the motorcycle on the night in question. He exerted dominion over the motorcycle by wheeling it along the city streets of Lewistown for a distance

6

of one mile.  His attempt to regulate the motorcycle's movements by pushing it out of the middle of an intersection was personally observed by the arresting officer.  We therefore conclude that the arresting officer had reasonable grounds to believe that Turner was in actual physical control of the motorcycle.

Affirmed.

_____
William E. Hunt, Justice

We Concur:

_____
Chief Justice

_____

_____
Justices

7