DA 09-0501

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 197

STATE OF MONTANA,

      Plaintiff and Appellee,

v.

KEVIN LEE CHRISTIANSEN,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Twelfth Judicial District,
In and For the County of Hill, Cause No. DC 08-048
Honorable John C. McKeon, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Jeremy S. Yellin, Attorney at Law, Havre, Montana

      For Appellee:

          Steve Bullock, Montana Attorney General; Sheri K. Sprigg, Assistant
Attorney General, Helena, Montana

          Gina Dahl, Hill County Attorney, Havre, Montana

Submitted on Briefs:  August 17, 2010

Decided:  September 14, 2010

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 After a previous trial that resulted in a hung jury, a jury in the Twelfth Judicial District Court, Hill County, convicted Kevin Lee Christiansen of his fourth Driving Under the Influence offense. Christiansen appeals his conviction. The sole issue is whether the District Court's instruction on "actual physical control" at Christiansen's second trial prejudicially affected Christiansen's substantial rights and warrants reversal.

## BACKGROUND

¶2 In May 2008, Deputy County Sherriff Geer found Christiansen sleeping in his vehicle, which was parked in the parking lot of a bar in Havre. Christiansen's pickup was running and the brake lights were activated. Geer attempted to wake Christiansen by pinching him several times. When Christiansen finally awoke, he responded that his name was "Coors." Eventually, Geer arrested Christiansen for driving under the influence. Christiansen does not dispute that he was very intoxicated.

¶3 The case proceeded to a jury trial in December 2008. Prior to trial, the State proposed Instruction 5, that defined "actual physical control" as: "[T]he Defendant is in actual physical control of a motor vehicle if the Defendant is not a passenger and is in a position to, and has the ability to, operate the vehicle in question." This instruction essentially mirrored Montana's Model Criminal Jury Instruction 10-106. At the close of evidence, the State proposed two jury instructions defining "physical control of a motor vehicle." The State's proposed Instruction 11 provided: " 'Actual physical control' means that a person has existing or present bodily restraint, directing influence, domination or regulation of a

2

vehicle." The State's proposed Instruction 12 provided: "A motorist remains in a position to regulate a vehicle while asleep behind the steering wheel of a vehicle."

¶4 The District Court rejected the State's proposed Instructions 11 and 12, reasoning: "The correct statement of the law is represented by State's Proposed Instruction Number 5. . . . As I see it, it is the application of that law as stated in State's Proposed Instruction Number 5, that resulted in the statements given in *State v. Hudson*." The trial resulted in a hung jury.

¶5 The case was re-tried in June 2009. Prior to trial, the State proposed jury instructions on "actual physical control" identical to Instructions 11 and 12 from the previous trial. On the morning of the second trial, Christiansen told the District Court that his proposed jury instructions on "actual physical control" would be the same as Instruction 5 from the first trial. During the settlement of instructions, the District Court rejected both Christiansen's and the State's proposed instructions, stating:

> I realize the defense proposed number is a pattern instruction. However, I find it to be confusing and I believe that to fully and fairly instruct this jury on the law, I'm going to need a different instruction, as it relates to the meaning of the term actual physical control. . . . I believe that the *Hudson* decision more accurately relies on that 1958 decision of *Ruona* . . . which is also cited in the State's proposed [instruction].
>
> I know that *Taylor* is referenced in the *Hudson* case. And in the *Hudson* case you will find in Paragraph 13 of the *Hudson* decision, that the *Robinson* case is cited for the very proposition that is contained in [the State's proposed instruction].
>
> . . .
>
> After considering all of these cases, I believe the better instruction would be the Defendant is actually in actual physical control of a vehicle, if the Defendant is not a passenger and has an existing or present bodily function that exercises restraint or directs influence, domination or regulation of a

3

motor vehicle.

The court's definition was given to the jury as Instruction 9. During deliberations, the jury asked for a clearer definition of physical control, requested a legal dictionary and a legal definition of "domination" and "regulation," indicated that they could not reach a decision, and had difficulty understanding what "present" and "existing" meant. The jury eventually convicted Christiansen of driving while under the influence of alcohol.

¶6 Christiansen appeals, claiming that the District Court committed reversible error because its instruction so confused the jury that it prejudicially affected his substantial right to a fair trial. Christiansen contends that the correct interpretation of the law is reflected in the instruction that the court gave to the jury at the first trial because it is the same as the Model Criminal Jury Instruction and is supported by our case law. Christiansen also argues that the jury instruction used at the first trial was the law of the case at the second trial because the District Court initially said it was the correct law.

## STANDARD OF REVIEW

¶7 A district court's decision pertaining to jury instructions are reviewed for an abuse of discretion. *State v. Archambault*, 2007 MT 26, ¶ 25, 336 Mont. 6, 152 P.3d 698. While the district court's discretion is broad, it is ultimately restricted by the overriding principle that jury instructions must fully and fairly instruct the jury regarding the applicable law. *Id.* The instructions must prejudicially affect the defendant's substantial rights to constitute reversible error. *State v. Hudson*, 2005 MT 142, ¶ 10, 327 Mont. 286, 114 P.3d 210. The purpose of jury instructions is to guarantee decisions consistent with the evidence and the

4

law, which can be accomplished when the instructions are as plain, clear, concise, and brief as possible. *Busta v. Columbus Hosp.*, 276 Mont. 342, 373, 916 P.2d 122, 140 (1996).

**DISCUSSION**

¶8 *Did the District Court's instruction on "actual physical control" at Christiansen's second trial prejudicially affect Christiansen's substantial rights?*

¶9 Section 61-8-401(a), MCA, makes it unlawful for a person who is under the influence of alcohol to drive or be in "actual physical control of a vehicle upon the ways of this state open to the public." We have held that "actual physical control" means "existing or present bodily restraint, directing influence, domination or regulation, of an automobile." *State v. Ruona*, 133 Mont. 243, 248, 321 P.2d 615, 618 (1958). More recently, this Court held that the Model Criminal Jury Instruction that defines "actual physical control" as "[the individual is] in a position to, and [has] the ability to operate the vehicle in question" is an accurate reflection of the law as developed by judicial interpretation. *Hudson*, ¶ 15 (citing *State v. Ruona*, 133 Mont. 243, 321 P.2d 615; *State v. Taylor*, 203 Mont. 284, 661 P.3d 33 (1983); *State v. Ryan*, 229 Mont. 7, 744 P.2d 1242 (1987); *Turner v. State*, 244 Mont. 151, 795 P.2d 982 (1990)).

¶10 The District Court countermanded its decision from the first trial and concluded that its initial instruction about "actual physical control" was confusing and did not fairly and fully instruct the jury, even though the evidence presented and the issues at both trials was substantially the same. The court explained that because *Hudson* relied on *Ruona*, the definition from *Ruona* made the better instruction. We disagree. The instruction from the Model Criminal Jury Instruction—and the one used at the first trial—more clearly, concisely

5

and accurately stated the law as developed by our judicial interpretation since *Ruona*. *See Hudson*, ¶ 15. The District Court's instruction did not clearly state the law, which resulted in the jury being confused about what it meant for Christiansen to be in actual physical control of his vehicle. This prejudicially affected Christiansen's substantial right to a fair trial.

## CONCLUSION

¶11 The District Court committed reversible error when it instructed the jury at Christiansen's second trial that "the Defendant is in actual physical control of a motor vehicle if the Defendant is not a passenger, and has an existing or present bodily function that exercises restraint or directs influence, domination, or regulation of a vehicle."

¶12 Reversed and remanded for a new trial.

/S/ MICHAEL E WHEAT

We Concur:

/S/ JAMES C. NELSON
/S/ BRIAN MORRIS
/S/ PATRICIA COTTER
/S/ JIM RICE