FILED

January 11 2011

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 10-0139

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 3

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

ALEXANDER S. HOVEY,

      Defendant and Appellant.

| | |
|---|---|
| APPEAL FROM: | District Court of the Fourth Judicial District, In and For the County of Missoula, Cause No. DC 08-456 Honorable Robert L. Deschamps, III, Presiding Judge |

COUNSEL OF RECORD:

      For Appellant:

            Joslyn Hunt, Chief Appellate Defender, Garrett R. Norcott, Assistant Appellate Defender, Helena, Montana

      For Appellee:

            Steve Bullock, Montana Attorney General, Mardell Ployhar, Assistant Attorney General, Helena, Montana

            Fred Van Valkenburg, Missoula County Attorney, Jason Marks, Deputy County Attorney, Missoula, Montana

Submitted on Briefs: December 15, 2010

Decided: January 11, 2011

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1   Alexander Hovey appeals his conviction in the Montana Fourth Judicial District Court of 42 counts of sexual abuse of children on the grounds that the District Court abused its discretion in issuing jury instructions.  We affirm.

## ISSUE

¶2   A restatement of the issue on appeal is whether the District Court abused its discretion by issuing challenged jury instructions.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3   In September 2008, Hovey, a 47-year-old single male, sent a lengthy e-mail to the mother of two female former co-workers, ages 15 and 17 at the time.  The e-mail contained numerous inappropriate statements pertaining to the sexuality of these young girls as perceived by Hovey.  It included references to the type of underwear Hovey speculated the 15-year-old wore and admitted that Hovey was "deeply attracted" to the younger girl.  It also contained what could be interpreted as a death threat to the mother. The recipient of this e-mail reported it to the Missoula police.  Because Hovey was under supervision with the State of Montana at the time and had been since August 2006, two officers with Probation & Parole contacted Hovey at his home.   He was arrested and the computer from which the intimidating e-mail had been sent was confiscated.  Hovey's computer was searched and officers discovered multiple images of child pornography. He was subsequently charged with 50 counts of Sexual Abuse of Children in violation of § 45-5-625(1)(e), MCA (2007), which provides:

A person commits the offense of sexual abuse of children if the person knowingly possesses any visual or print medium, including a medium by use of electronic communication in which a child is engaged in sexual conduct, actual or simulated.

¶4 Hovey represented himself throughout the District Court proceeding, including his jury trial. He testified to the jury he was conducting research for a book on child sexual abuse and sexual repression and thought he would include photographs he believed were appropriate to the subject matter. He claimed that he intended to only access sites with disclaimers that the models were adults. He also admitted, however, to downloading pictures of naked children in order to compare them to some of the erotic models to determine if the erotic models were underage or not. He opined that the naked children photographs were not lewd or of a sexual nature and therefore were not pornographic. However, the record contains photographs of undeniably underage children engaged in sexual conduct taken from Hovey's computer.

¶5 At the close of the trial, and outside the presence of the jury, Hovey and the State discussed jury instructions. As the statute under which Hovey was charged requires performing certain conduct "knowingly," the State requested that the court give two instructions on the meaning of "knowingly"—one to reflect that Hovey knew he possessed the pornographic images on his computer, and one to reflect that he knew these pornographic images were of persons younger than 18 years old. Hovey objected to both "knowingly" instructions but did not present an argument expressing why the State's proposed instructions were incorrect; rather, he proposed an alternative instruction—"a person acts knowingly only when they are aware they are committing a crime." It

3

appears, however, that Hovey's failure to argue against the State's proposed instructions may have been the result of the court interrupting Hovey and rendering its decision on the jury instructions before Hovey had a chance to present a countervailing argument.

¶6 The District Court rejected Hovey's suggested jury instruction, noting that Hovey had testified that he had conducted lengthy and extensive research on those topics. As a result, the court concluded it was unbelievable the Hovey was not aware that possession of child pornography was unlawful and that he was "committing a crime."

¶7 Section 45-2-101(35), MCA (2007), provides three definitions of "knowingly" applicable to criminal liability. Those definitions are:

> A person acts knowingly with respect to conduct or to a circumstance described by a statute defining an offense when the person is aware of the person's own conduct or that the circumstance exists.

For later reference, this is the "conduct/circumstance" oriented definition.

> A person acts knowingly with respect to the result of conduct described by a statute defining an offense when the person is aware that it is highly probable that the result will be caused by the person's conduct.

This is the "result-of-conduct" oriented definition.

> When knowledge of the existence of a particular fact is an element of an offense, knowledge is established if a person is aware of a high probability of its existence.

This is the "fact" oriented definition.

¶8 The District Court gave the following "knowingly" instructions to the jury: "A person acts knowingly when the person is aware of his or her conduct," and "You are instructed that a person acts knowingly with respect to a specific fact, when he is aware of a high probability of that fact's existence."

4

¶9 The jury found Hovey guilty of 42 counts of sexual abuse of children. Hovey appeals. We affirm.

**STANDARD OF REVIEW**

¶10 A district court's decision pertaining to jury instructions is reviewed for an abuse of discretion. While the district court's discretion is broad, it is ultimately restricted by the overriding principle that jury instructions must fully and fairly instruct the jury regarding the applicable law. The instructions must prejudicially affect the defendant's substantial rights to constitute reversible error. The purpose of jury instructions is to guarantee decisions consistent with the evidence and the law, which can be accomplished when the instructions are as plain, clear, concise, and brief as possible. *State v. Christiansen*, 2010 MT 197, ¶ 7, 357 Mont. 379, 239 P.3d 949 (internal citations omitted).

**DISCUSSION**

¶11 *Did the District Court abuse its discretion by issuing challenged jury instructions?*

¶12 On appeal, Hovey argues that the District Court issued erroneous jury instructions and the court should have issued an instruction limited to "conduct" and "circumstance." He asserts that under § 45-5-625(1)(e), MCA (2007), he could be found guilty only if he knowingly possessed pictures (conduct) of a child (circumstance) engaged in sexual conduct (circumstance). Notably, Hovey does not argue on appeal that the court abused its discretion by refusing to give his proposed jury instruction; rather, he argues that the District Court should have given the jury the "conduct/circumstance" oriented definition provided in § 45-2-101(35), MCA (2007). (*See* ¶ 7 above). He opines this definition

5

addressed all the elements of the applicable criminal offense and would have been a correct and acceptable instruction.

¶13 Hovey asserts that our analysis in *State v. Lambert*, 280 Mont. 231, 235-37, 929 P.2d 846, 849-50 (1996), provides valuable guidance and supports his theory that the single conduct/circumstance definition described above was appropriate. He submits that the District Court's "knowingly" definitions based on "conduct," and "fact" and the State attorney's references to "result-of-conduct" during summation confused the jury. He proffers that issuing jury instructions that confuse the jury constitutes a reversible abuse of discretion.

¶14 Citing § 45-2-103(4), MCA (2007), Hovey argues on appeal that if the District Court and/or this Court determine that the "knowingly" mental state applies (as opposed to the other criminal mental states of negligently and purposely) to a particular criminal act, it must then determine which "knowingly" definition applies to *each element* of the criminal offense.

¶15 Section 45-2-103(4), MCA (2007), provides: "If the statute defining an offense prescribes a particular mental state with respect to the offense as a whole without distinguishing among the elements of the offense, the prescribed mental state applies to each element." Hovey suggests that the *Lambert* Court, after concluding "knowingly" applied to the criminal offense in that case, erroneously concluded that it could only apply one "knowingly" definition to each element of the offense. Hovey recommends that we clarify *Lambert* to instruct that courts may apply different "knowingly" definitions to different elements of a criminal offense.

6

¶16 The State first asserts that Hovey waived his right to appeal the District Court's jury instructions because he did not present an argument to the District Court expressing why the State's proposed instructions were incorrect. As noted above, because this failure may have been caused by the District Court's interruption of Hovey, we will not conclude that Hovey waived his right to present this argument.

¶17 The State argues alternatively that the District Court correctly gave both instructions based on the specific facts of this case. It opines that the conduct-oriented instruction was correct in that it went to Hovey's undisputed knowledge that photographs of naked underage children, and models who could have been underage, engaging in sexual acts were on his computer and therefore in his possession. The State further claims that because Hovey denied knowledge of the fact that the erotic models in the downloaded photographs were underage, it was proper to require the jury to determine the truthfulness of Hovey's claim based on the fact-oriented definition of "knowingly" (i.e., was Hovey aware of the high probability that the subjects of the photographs were underage). Acknowledging that the *Lambert* Court reversed the district court for issuing three separate instructions defining "knowingly" as it pertains to the offense of criminal endangerment, the State distinguishes *Lambert* and notes that this Court never mandated that only one "knowingly" instruction may be given in all cases.

¶18 In *Lambert*, Lambert, while intoxicated, pulled out of a parking lot and proceeded to travel in the wrong direction on the highway resulting in a head-on collision with an approaching vehicle. Lambert was charged with criminal endangerment. At trial,

7

addressing the "knowingly" element of the offense of criminal endangerment, the court instructed the jury that:

> A person acts knowingly: (1) when he is aware of his conduct or (2) when he is aware under the circumstances that his conduct constitutes a crime or (3) when he is aware there exists the high probability that his conduct will cause a specific result.

*Lambert*, 280 Mont. at 234, 929 P.2d at 848. Additionally, the court told the jurors that Lambert "did not need to intend the result that occurred in order to have acted with the requisite mental state," and "that a person in an intoxicated condition is criminally responsible for his conduct, and that an intoxicated condition could not be taken into account in determining the existence of a mental state which is an element of the offense." *Lambert*, 280 Mont. at 234, 929 P.2d at 848-49. The jury returned a verdict finding Lambert guilty of criminal endangerment.

¶19 We reversed the district court, analyzing the language of the criminal endangerment statute and the various "knowingly" definitions given to the jury. We concluded that criminal endangerment is an offense defined by "the result of conduct" rather than specific conduct itself. In other words, "a person may engage in a wide variety of conduct and still commit the offense of criminal endangerment, provided that the conduct creates a substantial risk of death or serious bodily harm." *Lambert*, 280 Mont. at 236, 929 P.2d at 849. As a result, we held that the jury instruction that should have been given in *Lambert* was the "result-of-conduct" definition requiring Lambert's awareness of the high probability that the conduct in which he was engaged would cause

8

a substantial risk of death or serious bodily injury to another. *Lambert*, 280 Mont. at 237, 929 P.2d at 850.

¶20 The offense of criminal endangerment is distinguishable from the offense of sexual abuse of children in that the latter is an offense of "conduct" rather than a "result-of-conduct" offense. As noted above, a person commits the offense of sexual abuse of children by, among other things, "knowingly" possessing photographs of a child engaged in actual or simulated sexual conduct. In other words, possession of such photographs alone renders one in violation of § 45-5-625(1)(e), MCA (2007). Therefore, the correct "knowingly" definition for Hovey's crime, as provided in part at § 45-2-101(35), MCA (2007), is "a person acts knowingly with respect to conduct . . . when the person is aware of the person's own conduct . . . ." This instruction correctly addressed the mental state element applicable to the possession of child pornography; therefore, we affirm the District Court as to this jury instruction.

¶21 As for the court's second jury instruction pertaining to the "knowingly" mental state, the District Court gave the fact-oriented instruction in § 45-2-101(35), MCA (2007), i.e., a person acts knowingly with respect to a specific fact, when he is aware of a high probability of that fact's existence. This jury instruction was given to help the jury determine whether Hovey knew the pictures he downloaded were of children rather than adults. The test was whether "he [was] aware of a high probability" that the erotic models were children. In that Hovey explicitly argued that he was unaware of the ages of the models, we cannot conclude the giving of this instruction by the court was an abuse of discretion.

¶22 Lastly, addressing § 45-2-103(4), MCA (2007), we agree with Hovey that the express language of the statute does not require that the same definition of "knowingly" apply to every element of the offense and that different "knowingly" definitions may be applied to the different elements of an offense. Ironically, this is exactly what the District Court did here, instructing the jury on the definitions pertaining to "conduct" and "fact." Therefore, Hovey's argument in this regard is not helpful to his appeal.

## CONCLUSION

¶23 For the foregoing reasons, we affirm the District Court's giving of jury instructions addressing the different elements of the offense for which Hovey was charged.

/S/ PATRICIA COTTER

We concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS
/S/ JIM RICE