DA 12-0530

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 20

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

MATTHEW WAYNE OTTO,

      Defendant and Appellant.

APPEAL FROM:     District Court of the Fourth Judicial District,
                    In and For the County of Missoula, Cause No. DC 10-502
                    Honorable Robert L. Deschamps, III, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Wade Zolynski, Chief Appellate Defender, Eileen A. Larkin, Assistant
            Appellate Defender; Helena, Montana

      For Appellee:

            Timothy C. Fox, Montana Attorney General, Mardell Ployhar, Assistant
            Attorney General; Helena, Montana

            Fred R. Van Valkenburg, Missoula County Attorney, Andrew Paul, Deputy
            County Attorney; Missoula, Montana

                         Submitted on Briefs:  January 8, 2014
                                Decided:  January 23, 2014

Filed:

                    _____
                            Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1      Matthew Wayne Otto (Otto) was convicted in the Fourth Judicial District Court, Missoula County, of criminal distribution of dangerous drugs (marijuana), a felony, in violation of § 45-9-101(4), MCA.  He appeals, arguing that the District Court erred in instructing the jury on the elements of the offense prior to the delivery of opening statements.  We affirm.

## ISSUE

¶2      A restatement of the issue on appeal is:

¶3      *Did the District Court err in instructing the jury on the elements of the offense prior to opening statements?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶4      On November 4, 2010, Missoula County Sheriff Detective Jon Gunter (Gunter) observed a man, later identified as Otto, leave the Big Sky Medical Marijuana Dispensary and enter a vehicle.  A short time later, Gunter saw the vehicle's driver smoking from a pipe while driving.  Gunter initiated a stop.  He smelled marijuana as he approached the vehicle. Three individuals were in the car: the driver, Jordan Lambert, the front-seat passenger, Samantha Lambert, and Otto.  Otto had a medical marijuana card, but the others did not. Gunter determined that Otto had purchased medical marijuana at the dispensary and then shared it with the Lamberts.  Upon learning that Otto was on felony probation, Gunter contacted Otto's probation officer, who authorized a probation violation hold on Otto.  Otto was subsequently taken into custody and searched.  Otto had two small bags of marijuana and a glass pipe in his possession.

2

¶5 Otto was charged with criminal distribution of dangerous drugs, a felony. On March 30, 2011, Otto's case proceeded to trial. After the District Court read the standard preliminary instructions to the jury, the State requested that the court also read the instructions setting out the elements of the offense, Instructions 21 and 22. The Instructions provided that "[a] person commits the offense of criminal distribution of dangerous drugs if he purposely or knowingly exchanges or gives away the dangerous drug marijuana," and that:

> [t]o convict the Defendant of criminal distribution of dangerous drugs, the State must prove the following elements:
> 1. That the Defendant did exchange or give away the dangerous drug marijuana.
> **AND**
> 2. That the Defendant acted purposely or knowingly.
> If you find from your consideration of the evidence that each of these elements have been proved beyond a reasonable doubt, then you should find the Defendant guilty.
> If, on the other hand, you find from your consideration of the evidence that either of these elements has not been proved beyond a reasonable doubt then you should find the Defendant not guilty.

(emphasis in original).

¶6 The court agreed to read the instructions, stating: "I believe that upon request, that's appropriate and probably is helpful to the jury because they know, then, what the issues are that they should be looking for in the case." Otto's counsel first objected to the language of the instructions as "a dumbed-down version of what the offense is." The prosecutor responded that the instructions "simply parse out the unnecessary language and actually help the jury focus on what the real issue is." The court overruled Otto's objection, concluding that jury instructions should correspond with the facts of a specific case. Otto's counsel then

3

raised an objection because "this gives undue influence over the other instructions that are normally read as a group, rather than emphasiz[ing] that one unduly." The court likewise overruled this objection, stating that "I am aware that other judges do this, and I think it's helpful to the jury." The court subsequently read Instructions 21 and 22 before the State's opening statement. Although the remaining instructions were read at the close of the evidence, the foregoing two instructions were not reread to the jury. The jury found Otto guilty of criminal distribution of dangerous drugs.

¶7 Otto filed a timely appeal. On appeal, Otto argues that the District Court erred and prejudicially affected Otto's substantial rights by reading Instructions 21 and 22 prior to opening statements without finding good cause as required by § 46-16-402, MCA. The State counters that the District Court did not abuse its discretion when it read the instructions before opening statements, and that Otto's substantial rights were not prejudicially affected.

## STANDARD OF REVIEW

¶8 We review a district court's decision pertaining to jury instructions for an abuse of discretion. *State v. Christiansen*, 2010 MT 197, ¶ 7, 357 Mont. 379, 239 P.3d 949 (citation omitted). To constitute reversible error, jury instructions must prejudicially affect the defendant's substantial rights. *State v. E.M.R.*, 2013 MT 3, ¶ 16, 368 Mont. 179, 292 P.3d 451 (citing *Christiansen*, ¶ 7; quotation marks omitted).

## DISCUSSION

4

¶9 *Did the District Court err in instructing the jury on the elements of the offense prior to opening statements?*

¶10 The order of a trial is established by statute.

> (1) After the jury is sworn but before the introduction of any evidence, the court may give the jury general instructions concerning the conduct of the trial. The court shall give the jury such cautionary instructions as may be required during the course of the trial.
>
> (2) The prosecutor may make an opening statement and shall offer evidence in support of the prosecution. The defendant may make an opening statement prior to the prosecutor's offer of evidence or at the close of the prosecution's case but prior to the defendant's offer of evidence.
>
> (3) The prosecutor and the defendant may, respectively, offer rebutting testimony only. However, the court, for good cause, may permit either party to offer evidence upon the original case at any time before the close of evidence.
>
> (4) Prior to final arguments, the court shall inform the parties as to the instructions that will be given and read them to the jury.
>
> (5) A written copy of the instructions, both general and special, must be delivered to the jury for its consideration during deliberations following the final arguments.

Section 46-16-401, MCA.

¶11 "For good cause shown and in the discretion of the court, the order prescribed in 46-16-401 may be departed from." Section 46-16-402, MCA. "It has long been the rule in Montana that the order in which proof is admitted at the trial is within the sound discretion of the trial court . . . and that the usual order of trial may be departed from in the proper case." *State v. Snaric*, 262 Mont. 62, 69, 862 P.2d 1175, 1179 (1993) (citation omitted); *See State v. Hocevar*, 2000 MT 157, ¶ 76, 300 Mont. 167, 7 P.3d 329 ("[D]eparting from the usual order of trial and permitting the State to reopen its case-in-chief is left to the sound discretion of the district court.").

¶12    Preliminary instructions on the law are appropriate in some cases. For example, we held that they were proper in *State v. McKenzie*, 186 Mont. 481, 508, 608 P.2d 428, 445 (1980) (overruled in part on other grounds), a complex case in which the defendant was convicted of deliberate homicide by means of torture and aggravated kidnapping and was sentenced to death. *McKenzie*, 186 Mont. at 488, 608 P.2d at 434. We noted that "[i]n a less complex case which was not based only on circumstantial evidence, such preliminary instructions might not be necessary and there would not be the required good reasons for varying the usual order of the trial." *McKenzie*, 186 Mont. 508-09, 608 P.2d at 445. In the instant case, there was only one charge, and the evidence was testimonial. The State told the jury it was a "simple" and "pretty clear-cut" case. Though a district court has broad discretion to change the trial order, we conclude that there was no "good cause shown" to do so here, as this is exactly the type of "less complex case" envisioned in *McKenzie*.

¶13    Otto maintains that the effect of the District Court's ruling was to permit the prosecutor to inject argument into his opening statement. Otto argues that "[t]he variance in the order of instructing the jury during trial allowed the prosecutor to focus the jury on argument at the outset of the case and to qualitatively assess the State's case as clear-cut, instead of requiring the prosecutor to outline the evidence that was going to be presented and informing the jury the State was going to meet its burden of proof." In his opening statement, the prosecutor told the jury that "[t]he judge just instructed you that a person commits the offense of distribution of dangerous drugs if he exchanges or gives away the illegal drug marijuana," and that "[a]fter you've heard all the evidence, I'm going to come back and ask you to find him guilty."

¶14 The scope of an opening statement is limited. "[U]nder Section 25-7-301, MCA, either counsel may briefly state his or her case and the evidence he or she expects to introduce to support the same, and to refer in opening statements to evidence to be adduced, if those statements are made in good faith and with reasonable ground to believe the evidence is admissible." *State ex rel. Fitzgerald v. Dist. Ct.*, 217 Mont. 106, 121-22, 703 P.2d 148, 158 (1985). "It is improper to expound or argue legal theories or to attempt to instruct the jury as to the law of the case" in an opening statement. *State v. Martinez*, 188 Mont. 271, 285, 613 P.2d 974, 982 (1980) (citation omitted). In previous cases challenging improper remarks made by counsel during trial, "this Court has warned the prosecution and discussed the risk of reversal in the event the prosecution makes improper comments either in opening statements or in witness examinations." *State v. Mix*, 239 Mont. 351, 356, 781 P.2d 751, 754 (1989) (citations omitted).

¶15 Errors in jury instructions or alleged prosecutorial misconduct constitute reversible error only when they prejudicially affect a defendant's substantial rights. *Christiansen*, ¶ 7 (citation omitted); *State v. Aker*, 2013 MT 253, ¶ 24, 371 Mont. 491, 310 P.3d 506 ("We do not presume prejudice from the alleged prosecutorial misconduct; rather, the 'defendant must show that the argument violated his substantial rights.'"). In this case, there was no such prejudice. The instructions accurately set out the elements of the offense, and while the prosecutor referenced the legal instructions, he did not otherwise engage in legal argument in his opening statement. Further, the jury was properly instructed that the State had the burden of proving the elements of the offense beyond a reasonable doubt. The evidence submitted by the State, including the testimony of the witnesses, clearly established Otto's guilt. *See*

*e.g.* Tr. Trans. 115:6-7 (March 30, 2011) (Jordan Lambert testified that Otto shared the marijuana with him.). Given these circumstances, we conclude that, though the District Court erred in reading the instructions before opening statements, Otto's substantial rights were not prejudicially affected by the error.

**CONCLUSION**

¶16     For the foregoing reasons, we affirm.


/S/ PATRICIA COTTER

We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ JIM RICE